IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                                          )
                                                )          Chapter 7
JASON CHAMBERS AND                              )
COURTNEY CHAMBERS,                              )
                                                )          Bankruptcy No. 16-00552
        Debtors.                                )

## RULING ON TRUSTEE'S OBJECTION TO EXEMPTION AND DEBTORS' MOTION FOR AUTHORIZATION TO USE, TRANSFER AND/OR DISPOSE OF EXEMPT ASSETS

These matters came on for hearing in Cedar Rapids, Iowa. Derek Hong appeared for Debtors Jason and Courtney Chambers ("Debtors"). Jared Knight appeared for Chapter 7 Trustee Sheryl Schnittjer ("Trustee"). Steve Klesner appeared for Creditor TRG Development, LLC ("TRG"). The Court received evidence and heard arguments. The parties filed post-hearing briefs. These are core proceedings under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

This case is about whether Debtors' voluntary transfer of potentially fully exempt property—while it is still property of the estate—destroys Debtors' ability to claim the exemption. Trustee argues that it does. Trustee argues that 11 U.S.C. § 522(g) bars the exemption because Debtors voluntarily transferred the property. Trustee also argues that, because Debtors transferred the property, there is now nothing to return to Debtors as exempt. Debtors argue that exemptions are

determined as of the petition date.  Debtors also argue that transfer of fully exempt

property, even though technically property of the estate, was harmless to the estate.

Debtors assert that this transfer is like every debtor's routine use of exempt food

and clothes post-petition.  Debtors also ask the Court for retroactive authorization

to use the property.  Trustee argues that the Court does not have the authority to

authorize Debtors' transfer of the property.

## UNDISPUTED FACTS AND ARGUMENTS

The facts in this case are not in dispute.  In April 2016, Mrs. Chambers

received a $29,964 personal injury award because of a motorcycle accident.

Debtors deposited $13,000 of this award into Roth IRAs and used the remainder to

pay for living expenses.

At about 12:45 PM on May 5, 2016, Debtors filed this Chapter 7

bankruptcy.  Later that same day, at about 4:58 PM, Debtors withdrew the funds

from both IRAs and transferred the money into their checking account.  The next

day, Debtors paid $12,575 from these funds to TRG as a down payment on a house

and a first month's mortgage payment.  They used the remaining $425 to pay for

living expenses.

On May 18, almost two weeks after filing, Debtors filed their bankruptcy

schedules.  On their schedules, Debtors claimed as exempt the full $13,000 value

of their IRAs, which they had already liquidated and transferred to TRG.  Debtors

also used, spent, or otherwise disposed of other exempt food, clothes, gasoline, and cash after filing, as many debtors do.

Trustee objected only to Debtors' IRA exemption claim. Trustee argued that these exemptions exceeded their respective maximum exemption amounts for 2016 under Iowa Code § 627.6(8)(f). Trustee argued that $1,625 of Mr. Chambers' Roth IRA was not exempt because Mr. Chambers had only earned $3,875 in 2016 when he filed his bankruptcy petition. Trustee concluded that Mr. Chambers thus was not entitled to make the full $5,500 annual contribution for 2016. Trustee urged this argument at the hearing and in her initial brief. In their brief, Debtors responded that, under the relevant tax provisions, contributions are limited to an individual's gross income for the taxable year—not year-to-date—with a thorough analysis. In her reply brief, Trustee did not respond to these arguments. Given Debtors' thorough brief on this issue, the Court will view the Trustee as having conceded this issue. See W. Heritage Ins. Co. v. Love, No. 4:13-CV-0034-DGK, 2014 WL 917275, at *1 n.2 (W.D. Mo. Mar. 10, 2014) ("Because Western Heritage did not dispute this argument in its reply brief, it is conceded.").

Trustee notes that, even if the IRAs were fully exempt when Debtors filed bankruptcy, the IRAs were property of the estate when Debtors transferred them. Trustee argues that Debtors had no authority or authorization to transfer property of the estate. Assuming the possibility of a § 549 recovery, Trustee argues here

3

that 11 U.S.C. § 522(g) now bars Debtors from attempting to exempt the IRA

funds.  The parties agree for purposes of argument that Trustee theoretically could

recover those transfers for the estate as a § 549 post-petition transfer.  Trustee has

filed an adversary, No. 16-09043, which is currently stayed pending resolution of

these matters, seeking to make such a recovery.  Section 522(g) prohibits debtors

from exempting property that a trustee recovers under § 550 if debtors transferred

the property voluntarily.  Trustee argues that, because Debtors voluntarily

transferred the funds, § 522(g) now bars Debtors from exempting the funds if they

are recovered for the estate.  Trustee also argues that Debtors lost their exemption

in the funds when they transferred them without her authorization because there is

now nothing to return to Debtors as exempt.

Debtors argue that exemptions are determined as of the petition date.

Debtors argue that whatever happened after filing is irrelevant.  Debtors argue that

they did not need authorization to transfer the IRAs before the time for objections

to exemptions had run.  Debtors reason that, in every case, debtors use, spend, or

dispose of their exempt property before the deadline and that the IRAs in this case

are no different.  Debtors argue that, if the Trustee is correct, debtors will have to

file first day motions seeking authorization to use their fully exempt assets to

survive.  Debtors argue that this cannot be the proper interpretation of the Code's

exemption provisions.  Debtors argue that, as a practical matter, their transfer of

the IRA funds was harmless because the funds were fully exempt and would have been returned to them after the deadline for objecting to exemptions if they had not made the transfer.  In short, they argue that their transfer did not deprive the estate of value that rightfully belonged to it.

TRG also appeared, argued, and filed a brief on this issue.  TRG argues that § 522(g) does not apply if the Trustee has not yet recovered the property under § 550.  TRG argues that property that is exempt on the petition date is not recoverable under § 550 anyway.  TRG argues that the Court should determine whether the property is exempt before determining whether the transfer of that property is avoidable.

Debtors further argue that even if they do need authorization to transfer exempt assets before the time for objections runs, the Court should retroactively authorize their transfer of the IRA funds to TRG.  Trustee argues that the Court does not have the power to do so.  Trustee argues that only she can authorize a transfer of estate property.

TRG argues that the Court should treat Debtors' motion for authorization as a motion to compel abandonment.  Trustee argues that TRG cannot request this relief because it is not a party in interest.  Trustee claims she cannot abandon the IRAs because the Debtors already transferred them.

## CONCLUSIONS OF LAW AND ANALYSIS

This case involves a number of complicated and important issues about the interplay of exempt property, estate property, debtors' duties, and trustees' rights. At its core, this case is about whether debtors who voluntarily transfer exempt property before it reverts to them as exempt lose their exemption in that property. The legal principles behind exemptions and property of the estate play a critical role in deciding how this Court addresses Trustee's objection and Debtors' motion.

### I.    Property of the Estate and Exempt Property

"Chapter 7 of the bankruptcy code provides a means for insolvent debtors to receive a 'fresh start.'" CRP Holdings, A-1, LLC v. O'Sullivan (In re O'Sullivan), 841 F.3d 786, 788 (8th Cir. 2016).  When a debtor files a Chapter 7 bankruptcy petition, "a bankruptcy estate is created which is comprised of all of the debtor's legal and equitable interests in property." Armstrong v. Peterson (In re Peterson), 897 F.2d 935, 936 (8th Cir. 1990) (citing 11 U.S.C. § 541(a)(1)).

"To ensure that debtors have sufficient property to realize fully that fresh start, the code permits debtors to exempt certain property from their bankruptcy estate." In re O'Sullivan, 841 F.3d at 788 (citing 11 U.S.C. § 522(b)).  "Debtors may claim exemptions by filing a list of exempt property . . . .  [And u]nless the trustee or any creditor objects within a specified time period, the property claimed is exempt." In re Peterson, 897 F.2d at 936 (citing. 11 U.S.C. § 522(*l*)).  "Once a

6

debtor claims an exemption in the property, and the deadline passes for lodging an objection to the exemption, or the objection is lodged but overruled, the exemption becomes final and the property ceases to be 'property of the estate.'" In re Trujillo, 485 B.R. 238, 245 (Bankr. D. Colo. 2012) (citing 11 U.S.C. § 522(*l*) and Fed. R. Bankr. P. 4003(b)(1)). "When a party objects to a debtor's exemption claim, it bears the burden of proving that a particular exemption is not available." Bierbach v. Brooks (In re Brooks), 393 B.R. 80, 84 (M.D. Penn. 2008) (citing Fed. R. Bankr. P. 4003(c)).

When evaluating an objection to a debtor's exemption claim, "Only the facts existing on the date of filing are relevant" to the analysis. In re Peterson, 897 F.2d at 937. After the time for making objections expires, or after the court overrules the objections, the exempt property then reverts to the debtor. In re Trujillo, 485 B.R. at 245.

As a general rule, after debtors file bankruptcy, and before the time for objections expires (under Rule 4003(b), 30 days after debtors filed their exemptions), debtors' exempt property is still property of the estate and they technically have no absolute right to use it. In re Bucchino, 439 B.R. 761, 772 (Bankr. D.N.M. 2010) ("A debtor has no right to spend funds that belong to the estate even if subject to a claim of exemption. Such funds do not belong to the debtors.").

7

In spite of this general rule, debtors nevertheless routinely use, spend, and dispose of exempt property before it actually reverts after the objection period passes. The following case explains this reality and debtors' duties with respect to such property:

> In reality, chapter 7 debtors continue to use property of the estate post-petition. The debtor continues to live in his home, cook his food in his pots and pans, wear his clothing, drive his car, and watch programs on his expensive flat screen television. Is this post-petition use prohibited? Section 521(a)(4) sets forth a chapter 7 debtor's obligation in regard to property of the estate at the outset of a case. It requires a debtor to surrender to the trustee all property of the estate and any records whenever a trustee is serving in the case. . . . .
>
> [T]he duty of surrender implies a yielding or offering of property of the estate to the trustee, in recognition of his superior rights, as well as a ready willingness to deliver it, either physically or in whatever manner is necessary to transfer rights in the type of property interest at issue. This further "delivery" obligation, however, is triggered by a request or an agreement with the trustee to effectuate the transfer of the property.
>
> On the petition date, legal title to assets of the estate vests in the trustee immediately by operation of law, but actual transfer or delivery may not take place for some period of time. **In the case of property that eventually becomes exempt or that is burdensome or of inconsequential value to the estate, the transfer or delivery may never take place**. On the other hand, if the trustee makes a request for delivery and the debtor fails to comply, then the trustee may utilize § 542(a) to obtain a court order for turnover, as the debtor is included within the scope of the Code's definition of an "entity" that may be compelled to turnover property.
>
> Unless and until, however, a **debtor** has received the request for delivery, he has **fulfilled his obligation to surrender his property to the trustee by listing it accurately**, as required by § 521(a)(1), and standing ready to deliver it upon request. If his continued use or

possession in the meantime diminishes its value or the estate's rights in
and to it, then he may be liable to compensate the estate for its "value."

In re Trujillo, 485 B.R. at 249–50 (emphasis added) (paragraph breaks added)

(paragraph breaks omitted) (citations omitted).

Similarly, debtors routinely spend exempt funds in their bank accounts to

pay for living expenses:

> As a practical matter, individual chapter 7 debtors who claim funds on
> deposit in a bank account as exempt often use those funds when there
> is no reasonable basis to object to the exemption in order to pay
> ordinary and necessary living expenses despite the fact that such funds
> constitute property of the estate until the time to object to the claim of
> exemption expires.  Use of funds claimed as exempt in the debtor's
> bank account prior to that time often can be critical to a debtor making
> a mortgage or car payment, buying food or medicine, or paying a utility
> bill . . . .  Because the value of the funds in a bank account is readily
> quantifiable, and funds can be claimed exempt up to specified dollar
> limits, usually no party in interest, including the Chapter 7 Trustee,
> objects to the claimed exemption or to the debtor's use of the funds
> before they are exempt.  **No harm results to the estate from the
> debtor's use of funds prior to the allowance of the claimed
> exemption because the exemption is nearly always allowed as a
> result of the expiration of the time to object to the claim of
> exemption**.

In re Bucchino, 439 B.R. at 773–74 (emphasis added) (footnote omitted).  Thus, it

is commonplace for debtors to use exempt property before it reverts to them as

exempt.  Because the property was going to revert to debtors anyway, this use is

harmless.  Whether there was harm to the estate decides these cases.  Any other

rule would exalt form over substance and benefit the estate at debtors' expense

based only on an unnecessarily technical reading of the statutes.

9

## II.    Section 522(g)

Here, Debtors transferred IRA funds while the funds were still technically property of the estate.  The time for objections to exemptions had not run.  Trustee now concedes that the IRAs met the relevant requirements to be fully exempt when Debtors filed bankruptcy.  In spite of the general rule outlined above—that use of fully exempt property of the estate is harmless—Trustee argues that Debtors' transfer of the IRA funds destroyed Debtors' exemption in those funds.  Trustee bases this argument on the interplay between §§ 549(a), 550, and 522(g).  Section 549 provides:

> (a) . . . the trustee may avoid a transfer of property of the estate—
> (1) that occurs after the commencement of the case; and
> (2) . . .
> (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).  Section 550 provides:

> (a) . . . to the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> (1) the initial transferee of such transfer . . .

11 U.S.C. § 550(a).  Trustee has already filed an adversary proceeding against TRG seeking to avoid the transfer under § 549(a) and recover it under § 550.  Trustee argues that under the specific terms of § 522(g), when debtors voluntarily transfer property of the estate and the trustee could recover it, debtors cannot claim an exemption in that property:

10

> the debtor may exempt . . . property that the trustee recovers under
> section . . . 550 . . . to the extent that the debtor could have exempted
> such property . . . if such property had not been transferred, if—
> (1)(A) such transfer was not a voluntary transfer of such property by
> the debtor . . .

11 U.S.C. § 522(g).  Trustee objects to Debtors' exemption based on this statutory

language and Debtors' voluntary transfer.

Generally speaking, § 522(g)'s purpose is "to allow an exemption where a

property interest has been **involuntarily** taken from a debtor by means such as an

execution, repossession or certification of judgment, [because] it would be

inequitable not to permit a debtor to assert an otherwise allowable exemption."  In

re Ringham, 294 B.R. 204, 206 (Bankr. D. Mass. 2003) (emphasis in original)

(internal quotation marks omitted) (quoting Glass v. Hitt (In re Glass), 60 F.3d

565, 569 (9th Cir. 1995)).  As the statute says, "where in the first place a debtor

voluntarily parted with the value that the trustee has recovered—as, for example,

by a consensual grant of security interest—he cannot meet the requirement of

§ 522(g)(1)(A), and cannot use § 522(g)(1) as the basis for his claim of

exemption."  In re Flitter, 181 B.R. 938, 941 (Bankr. D. Minn. 1995).  As a result,

§ 522(g) "prevents a debtor from exempting property in which the debtor made a

pre-petition voluntary transfer that the trustee later avoids."  In re Sutton, 365 B.R.

900, 903 (B.A.P. 8th Cir. 2007).

By its terms, however, § 522(g) is not limited to pre-petition transfers. Courts have applied it to post-petition transfers, concluding that debtors cannot exempt property that they voluntarily transferred post-petition that the trustee has subsequently recovered for the estate. See, e.g., In re OBrien, 443 B.R. 117, 136 (Bankr. W.D. Mich. 2011). However, § 522(g) only applies to "property that the trustee recovers." 11 U.S.C. § 522(g). If the Trustee has not actually recovered the property, § 522(g) does not bar a debtor from exempting the property that she transferred post-petition. See, e.g., In re Brooks, 393 B.R. 80, 87 (Bankr. M.D. Pa. 2008) ("Despite this voluntary [post-petition] transfer, however, § 522(g) is not applicable because the Trustee neither avoided the transfer nor recovered the Porsche. The Trustee filed a motion for turnover, but did not actually bring any property into the estate.").

One case addressing § 522(g) in the context of pre-petition transfers does contain some language that appears to contradict this recovery requirement: "The Trustee cites several cases which hold that the Debtor's claim of exemption may be disallowed under 11 U.S.C. § 522(g) **even though the Trustee has not** brought an adversary proceeding and **recovered the property**." In re Kelley, 455 B.R. 710, 717 (Bankr. E.D. Ark. 2011) (emphasis added) (collecting cases). The Court in Kelly, however, did not rely on that statement in its conclusions. See id. In fact, it appears to be an inadvertent misstatement. The cases that Kelly cited all hold that,

12

although the trustee need not file a formal avoidance action, the trustee must actually recover the property. Russell v. Kuhnel (In re Kuhnel), 495 F.3d 1177, 1181 (10th Cir. 2007) ("[A] trustee need not initiate formal adversary proceedings to recover property under § 522(g), so long as the trustee has taken some action resulting in the reconveyance of the property to the estate."); Glass v. Hitt (In re Glass), 60 F.3d 565, 568–69 (9th Cir. 1995) (same); In re Hicks, 342 B.R. 596, 599–601 (Bankr. W.D. Mo.2006) (same); In re Ulrich, 203 B.R. 691, 693 (Bankr. C.D. Ill. 1997) (same); cf. In re Trevino, 96 B.R. 608, 612 (Bankr. E.D.N.C. 1989) (noting that the property probably has to be recovered for § 522(g) to apply but ruling that it applied anyway because neither party brought it up).

Here, Trustee has not recovered the property. Trustee has simply filed an avoidance action. The Court has stayed Trustee's avoidance action pending its ruling on the exemption issue. It is undisputed that Trustee has not actually recovered the property for the estate. The funds remain with TRG. Because Trustee has not recovered the property, § 522(g) does not apply and cannot bar Debtors' exemption.

The Court notes that order in which it decides these related issues—whether it starts with the Trustee's objection to exemption based on § 522(g) or the Trustee's § 549(a) adversary—clearly has consequences. Had the Court addressed Trustee's avoidance action first and ruled that Trustee was entitled to recover the

IRA funds, § 522(g) would probably bar Debtors from exempting the property.

One Court addressed this situation and found that courts generally should rule on

the exemption issue first:

> When an action to avoid or recover a post-petition transfer is filed, it is prudent for the court to first determine whether the property has been properly exempted by the debtor or not.  When an amended exemption is pending, and a trustee's timely objection needs to be litigated, the exemption determination should be made prior to the post-petition transfer litigation.  Although the trustee will be a party in the contested exemption determination and the post-petition transfer adversary proceeding, the other parties will differ. (The debtor is a party to the exemption matter; a non-debtor transferee is a party to the post-petition transfer adversary proceeding.)  Before it is determined whether an avoidable post-petition transfer has occurred, it must be known whether the transfer involved property of the estate.  (In the post-petition transfer action itself, often this cannot be litigated because the transferee cannot assert the debtor's personal exemption rights.)  Of course, after a trustee avoids a transfer, a recovery is awarded or a turnover is ordered, only then is it "too late" for a debtor to exempt the property.

In re Obrien, 443 B.R. at 138.  The Court finds this reasoning persuasive and thus

addresses the exemption issue first.

### III.    **Trudell and other cases**

Trustee also argues that Debtors' transfer of the IRA money before it

reverted to them as exempt was a transfer of non-exempt estate property and there

is now nothing left to return to Debtors as exempt.  Trustee argues this case is like

In re Trudell, 424 B.R. 786 (Bankr. W.D. Mich. 2010).

14

In <u>Trudell</u>, debtors spent what would have been a fully exempt tax refund post-petition while the funds were still property of the estate. <u>Id.</u> at 788. Trustee argued, among other things, that debtors could not exempt the tax refund because they had already spent it. <u>Id.</u> at 788–89. The Court agreed and used the example of a potentially exempt vehicle to illustrate its reasoning:

> [T]he exemption is not accomplished—i.e., the interest in the vehicle is not removed from the estate and returned to the debtor for his enjoyment—until all parties in interest, including the trustee, have had an opportunity to object. Therefore, it follows that if the debtor were to have transferred what is now the estate's interest in his car either before the trustee had an opportunity to object or while the trustee's objection was pending, then there is nothing to return to him as exempt when the process is completed. Moreover, as Trustee also points out, property that has been voluntarily transferred from the estate but then recovered as a post-petition transfer is no longer eligible for exemption. <u>Cf.</u> 11 U.S.C. § 522(g).

<u>Id.</u> at 793 (footnote omitted) (citation omitted). The Court agreed with Trustee and concluded, "[T]he Trudells no longer have anything to exempt." <u>Id.</u> at 794. The Court did not sustain the Trustee's exemption, however. <u>Id.</u> Instead, it found that:

> the appropriate relief in this instance is  . . . simply a recognition that Trustee's objection has been rendered moot by the Trudells' premature expenditure of the refund claimed. Indeed, it is fair to ask why the court even needed to address Trustee's actual objections to the exemptions claimed given that the refunds are no longer part of the estate and would not be exemptible even if they are ultimately recovered.

<u>Id.</u>

This Court declines to follow the reasoning of <u>Trudell</u>. <u>Trudell</u> rejects the two things established in the rationale above. First, <u>Trudell</u> seems to suggest that

the estate is in fact harmed in some way by allowing property to be treated as

exempt before the time for objecting to exemptions has passed.  The Court rejected

that reasoning in Section I, finding that Debtors' use of fully exempt property here,

while it was still technically property of the estate, is harmless.

Second, Trudell's analysis applies § 522(g) even though Trustee did not

recover the property.  This Court concluded in Section II that the Trustee must

actually recover the property for § 522(g) to apply.

The Court in Obrien addressed Trudell and a case that followed Trudell (In

re Davidson, Bankr. No. 10-00374, 2010 WL 8767267, at *1 (Bankr. W.D. Mich.

July 15, 2010)) and noted,

> Both of these opinions seem to state that if a debtor makes a post-
> petition transfer of property, and a trustee could seek to avoid and
> recover the transfer (even if the trustee has not actually filed or
> completed an adversary proceeding to do so), a debtor is legally
> prohibited from exempting the property. **The opinions seem to say
> that what a trustee could do (i.e., avoid a transfer) is treated as
> accomplished.**

In re OBrien, 443 B.R. at 132 (emphasis in original).  This Court agrees with

OBrien and similarly finds these other opinions "unpersuasive."  Id.  Trudell's

assumption that § 522(g) automatically applies whenever the Trustee could

potentially avoid a post-petition transfer also goes against the express terms of

§ 522(g), which requires actual recovery of the property.  See, e.g., In re Brooks,

393 B.R. 80, 87 (Bankr. M.D. Pa. 2008) ("Despite this voluntary [post-petition]

transfer, however, § 522(g) is not applicable because the Trustee neither avoided the transfer nor recovered the Porsche.").

Trustee also cites <u>In re Villegas</u> to support her argument that Debtors lost their potential exemption in the IRA funds when they transferred them post-petition.  <u>In re Villegas</u>, 364 B.R. 781, 786 (Bankr. D.N.M. 2007).  In <u>Villegas</u>, however, the trustee had already recovered the property as a post-petition transfer. <u>Id.</u> at 785.  As a result, § 522(g) barred debtors from exempting the property.  <u>Id.</u> at 786 ("Once the Trustee regained title to the Property for the estate, § 522(g) now prevents the Debtor from reasserting a claim of exemption in the Property.").

Trustee cites other cases that have denied debtors' exemptions when debtors dispose of property of the estate before it reverts to them as exempt.  In these cases, however, the offending transfer was accompanied by bad faith—such as undervaluing, fraud, or concealment.  <u>E.g.</u>, <u>In re Price</u>, Bankr. No. 05-42744, 2008 WL 474123, at *4 (Bankr. E.D. Va. February 20, 2008) (denying an exemption where debtors amended their schedules 18 months after filing to exempt property that they had already sold and dissipated and made fraudulent misrepresentations to the court); <u>Menotte v. Cutaia</u> (<u>In re Cutaia</u>), 410 B.R. 733, 738–39 (Bankr. S.D. Fla. 2008) (denying discharge because debtor undervalued and sold Rolex watch post-petition).  The Court believes that these cases are better read as denying the exemption (or discharge) based on debtors' bad faith.  <u>Cf.</u> <u>In re Brooks</u>, 393 B.R.

17

80, 83 (M.D. Penn. 2008) (rejecting a trustee's argument that it should deny the

exemption as a penalty because there was "scant evidence that Debtors acted in

bad faith other than the unauthorized sale of estate assets").  This Court also notes

that all of these cases were decided before <u>Law v. Siegal</u>, which held that

bankruptcy courts do not have the equitable power to deny an exemption based on

bad faith.  <u>Law v. Siegel,</u> 134 S. Ct. 1188, 1196 (2014).  ("The Code's

meticulous—not to say mind-numbingly detailed—enumeration of exemptions and

exceptions to those exemptions confirms that courts are not authorized to create

additional exceptions.").  These cases may have been decided differently after <u>Law

v. Siegel</u>.

The Court concludes that Debtors did not lose their exemption in the IRA

funds when they transferred them to TRG post-petition.  Debtors' IRA funds are

exempt.  The Court overrules Trustee's objection to exemption.

## IV.   Authorization

This ruling does not change the fact that the funds were technically property

of the estate when Debtors transferred them to TRG.  As a result, even though the

Court has ruled that the funds are exempt, Debtors are concerned that Trustee may

still have a colorable § 549 claim: "[T]rustee may avoid a transfer of property of

the estate . . . that occurs after the commencement of the case; and . . . that is not

18

authorized under this title or by the court." Debtors ask the Court to retroactively authorize the transfer and so foreclose Trustee's § 549 action.

Debtors note that trustees can avoid a post-petition transfer only if the transfer is "not authorized under this title **or by the court**." § 549(a) (emphasis added). Debtors argue that this indicates that the Court can in fact authorize post-petition transfers. Debtors argue that because there was no harm to the estate (their use of the IRA funds was no different from their use of their exempt food, cash, or clothes) the Court should use its power under § 105 to authorize their transfer of what was technically estate property to TRG.

Trustee objects. Trustee argues that the Court does not have the power to authorize Debtors' transfer. Trustee argues that § 363(b)(1) gives her and only her authority to "use, sell, or lease . . . property of the estate," such that the Court cannot authorize a transfer of exempt property of the estate. Trustee also argues that allowing debtors to dispose of property of the estate before the property reverts will result in debtors abusing the bankruptcy process.

Bankruptcy courts have authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. § 105. Bankruptcy courts' power under § 105 is limited, however: "it is quite impossible to [carry out the Code's provisions] by taking action that the Code prohibits." Law, 134 S. Ct. at 1194; see also In re Hewitt, Bankr. 15-00602, 2015

WL 9239130, at *4 (Bankr. N.D. Iowa Dec. 16, 2015) ("Section 105(a) gives this

Court the equitable power to 'carry out' the provisions of the Bankruptcy Code,

not to contravene them.").

At least one Court has found that § 549 itself gives courts power to authorize

transactions—such as preferential payments—that the Code would otherwise

prohibit debtors from making:

> [S]ection 549 authorizes a Chapter 7 trustee to set aside only those post-petition payments of pre-petition obligations that are "not authorized under this title or by the court."  Thus, the Code recognizes that the court has some limited power to authorize preferential treatment to certain creditors.  The question is when it is appropriate to exercise that power.

In re Payless Cashways, Inc., 268 B.R. 543, 546 (Bankr. W.D. Mo. 2001) (footnote

omitted); but see In re Kmart Corp., 359 F.3d 866, 872 (7th Cir. 2004) (finding this

reasoning "unpersuasive" in light of the "[m]any sections [that] require equal

treatment" of creditors); In re CoServ, L.L.C., 273 B.R. 487, 493–94 (Bankr. N.D.

Tex. 2002) (rejecting argument that § 549 gives power to authorize preferential

"critical vendor" payments.").

The Court adopts the reasoning from Payless Cashways.  The Court finds

that it has authority to authorize post-petition transfers of exempt property of the

estate under §§ 105 and 549.  Unlike preferential transfers, authorizing the transfer

here would not violate the principle behind any critical code sections.  At most, the

transfer violated a technicality: the property had not yet reverted to Debtors as

20

exempt.  As the Court noted in Section I, every debtor uses her exempt food, clothes, and cash while they are property of the estate.  This use of what is temporarily estate property is necessary and, most importantly, harmless.

The Court finds that authorization is appropriate here because there is no harm to the estate.  It is undisputed that the transfer would have been entirely appropriate if the objection period had lapsed.  It is similarly undisputed that the Trustee had no real basis for objecting to the exemption.  Trustee's position would benefit the estate at the expense of Debtors on a technicality and deprive them of a valuable right that the estate otherwise had no claim to.

The Court finds that, in light the harmlessness of Debtors' use of their fully exempt property, retroactive authorization of the transfer is appropriate under §§ 105 and 549.

**CONCLUSION**

**WHEREFORE**, Trustee's Objection to Exemption is OVERRULED.

**FURTHER**, Debtors' Motion for Authorization to, Use, Transfer and/or Dispose of Exempt Assets is GRANTED.

Dated and Entered:
August 24, 2017

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

21
